

# THE ATTORNEY GENERAL
## OF TEXAS

Gerald C. Mann

AUSTIN 11, TEXAS

ATTORNEY GENERAL

Honorable P. W. Minter
County Attorney
Jim Hogg County
Hebbronville, Texas

Dear Sir:

Opinion No. O-5484
Re: Whether peace officer may arrest
one "on suspicion" and hold such
person for 72 hours thereafter
pending investigation.

Together with your request for an opinion of this department on the above stated question, you have submitted a most exhaustive brief which has been of invaluable assistance to us in the preparation of this opinion.

The constitution of Texas, Article I, Section 9, protects the citizen from an arrest on mere suspicion. Lacy v. State, 7 Tex. App. 41. Moore v. State, 107 Cr. Rep. 24, 294 S. W. 550.

By Article 215 of the Code of Criminal Procedure, it is provided that an arrest of a person without a warrant for an offense not committed in the presence of the arresting officer, may only be made "where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person," that a felony has been committed, that the offender is about to escape, and that there is not sufficient time to procure a warrant, and unless such facts exist an arrest for a felony not committed in the presence of an officer is illegal. An arrest under this statute is not authorized on mere suspicion that a felony has been committed. It is only where satisfactory proof is made to the officer by a credible person, under the circumstances set forth in the statute that an arrest may be made. Such "satisfactory proof" excludes the idea of "suspicion."

In McBeath v. Campbell, et al, 12 S.W. (2d) 118, it was held by the Supreme Court of Texas, in a suit for damages

against a sheriff for false arrest and false imprisonment that where there was no proof that the person arrested had committed a felony or an offense against the public peace in the presence of the arresting officer, or that satisfactory proof was made that a felony had been committed and that the person arrested was about to escape, the arrest and imprisonment without a warrant constituted false imprisonment under the Code of Criminal Procedure, 1925, Articles 212, 213 and 215, especially when the person arrested was not taken immediately before a magistrate as required by Article 217, Code of Criminal Procedure.

"Suspicion" is neither a felony nor a breach of the peace in Texas. We have been unable to find a statute denouncing it or a higher court decision affirming a conviction for such. The decisions affirming judgments against peace officers for arresting and imprisoning persons on suspicion have, however, not escaped our attention.

In view of the foregoing, you are respectfully advised that it is the opinion of this department that no peace officer has authority to arrest or imprison any person, for any length of time on suspicion that such person has committed some criminal offense.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By          E. G. Pharr
            Assistant

EGP:db:bt

Approved Aug. 12, 1943
        Gerald C. Mann
        Attorney General of Texas

Approved Opinion Committee By RWF, Chairman